IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHRYSTOPHER LEE,

    Plaintiff,

v.                                Civil Action No. 3:08cv99

PATRICK GURNEY, et al.,

    Defendants.

## MEMORANDUM ORDER

This matter comes before the Court pursuant to a February 10, 2010 Order of the Honorable James R. Spencer referring to the undersigned Magistrate Judge all further proceedings, including an evidentiary hearing, if necessary. (Docket No. 65.)

On February 2, 2008, Plaintiff Chrystopher Lee filed an action alleging that Defendants Gurney, Vaughan,[1] and Washington violated his rights by not allowing him to engage in group prayer in the prison recreation yard.[2] (Docket No. 1.) Lee alleged four claims. In its September 25, 2009 Memorandum Opinion, the Court restated those claims as follows:

    Claim One    Defendants violated Plaintiff's rights under the Equal Protection Clause by promulgating and enforcing a ban on group prayer in the recreation yard, which "singles out religious practices observed only [by] Sunni adherents." (Compl. ¶ 35.)

---

[1] Defendant Vaughan's December 28, 2009 Answer to Lee's Complaint reflects the correct spelling of his name. (Docket No. 61.) In previous pleadings, Vaughan's name is spelled "Vaughn." (*See, e.g.*, Mem. Op. 1.) (Docket No. 51.)

[2] Patrick Gurney is the Assistant Warden of Nottoway Correctional Center ("NCC"). G.K. Washington is the Regional Director for the Central Region of the Virginia Department of Corrections ("VDOC"). Douglas M. Vaughan formerly served as the Warden of NCC. (*See* Nov. 9, 2009 Order 1 n.1.)

Claim Two     Defendants Vaughn and Washington violated Plaintiff's rights under the First Amendment when they prohibited him from engaging in any group prayer on the prison recreation yard.

Claim Three     Defendants violated [Plaintiff's] rights under the Due Process Clause when they forced him to pray in a manner contrary to his religious beliefs.

Claim Four     Defendants violated Plaintiff's rights under the Religious Land Use and Institutionalized Person's Act by promulgating and enforcing a ban on group prayer in the recreation yard.

(Mem. Op. 1-2 (footnotes omitted).) (Docket No. 51.)

On November 13, 2008, Defendants Gurney and Washington[3] moved for summary judgment as to Claims One, Two, and Four.[4] (Docket No. 21.) The Court granted Defendants' motion as to Claims One and Two. (Mem. Op. 6-9.) The Court denied Defendants' motion as to Claim Four. (Mem. Op. 10-14; Mar. 24, 2010 Order (Docket No. 70).)

Based on the foregoing proceedings, the Court ORDERS that:

1. Any party who has not yet moved for summary judgment, and who wishes to move for summary judgment, must file his motion within twenty (20) days of the date of entry hereof. *See* E.D. Va. Local Civ. R. 56(c).

2. In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff is advised that he is entitled to file a response opposing any Motion for Summary

---

[3] Defendant Vaughan was not served until November 9, 2009. (Docket No. 57.) Therefore, Vaughan did not join Defendants Gurney and Washington's Motion for Summary Judgment.

[4] Defendants did not address Claim Three.

2

Judgment by the Defendants that includes counter-affidavits,[5] statements, exhibits, or other legal or factual material that supports his position in this case. In addition to such material, Plaintiff is entitled to file a legal brief in opposition to the one filed by Defendants.

3. Plaintiff previously moved the Court for appointment of counsel. (Docket No. 25.) The Court denied the motion with prejudice. (Docket No. 32.) Because it appears that an evidentiary hearing may be appropriate to resolve this matter with respect to Claim Four, the Court is willing to reconsider appointing counsel for Plaintiff. If Plaintiff wishes the Court to appoint counsel, he must renew his motion for appointment of counsel within twenty (20) days of the date of entry hereof.

Let the Clerk send a copy of the Memorandum Order to Plaintiff and counsel for Defendants.

And it is so ORDERED.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 3-30-10

---

[5] An affidavit is a sworn statement of facts made on personal knowledge. Affidavits may be submitted by Defendants or any other witnesses. There are two alternative ways to submit an affidavit to the Court, one of which must be followed. One way is for the person making the affidavit to sign the affidavit and swear to the truth before a notary public. The other way, which does not require a notary public, is for the person making the affidavit to sign the affidavit and certify that he signs under penalty of perjury and understands that he may be prosecuted if the facts he sets forth are untrue.