IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHRYSTOPHER LEE,

    Plaintiff,

v.                                                    Civil Action No. 3:08cv99

PATRICK GURNEY, et al.,

    Defendants.

## MEMORANDUM ORDER

This matter comes before the Court pursuant to a February 10, 2010 Order of the Honorable James R. Spencer referring to the undersigned Magistrate Judge all further proceedings, including an evidentiary hearing, if necessary. (Docket No. 65.) However, Judge Spencer retained jurisdiction over final disposition of the matter, including any motions for summary judgment.

Because only Defendants Patrick Gurney and G.K. Washington previously had filed a motion for summary judgment, on March 30, 2010, the Court ordered any party who had not yet moved for summary judgment, and who wished to move for summary judgment, to file his motion within twenty (20) days of the date of entry of the Court's Order.[1] (Mar. 30, 2010 Order 2.) (Docket No. 71.) On April 19, 2010, Defendants Gurney, Washington, and Douglas M. Vaughan filed a Motion for Summary Judgment. (Docket No. 73.)

---

[1] The Court also advised Plaintiff Chrystopher Lee that he could renew his motion for the appointment of counsel within twenty (20) days of the date of entry of the Court's Order. (Mar. 30, 2010 Order 3.) On April 9, 2010, Lee moved the Court for the appointment of counsel. (Docket No. 72.)

Should any claims remain after resolution of the pending Motion for Summary Judgment, the Court ORDERS that:

1. The Court will hold an evidentiary hearing on October 19, 2010 at 10:00 a.m.

2. Seventy-five (75) days prior to the date of the evidentiary hearing, each party shall identify all persons it expects to call as expert witnesses in its case in chief and shall file with the Clerk of this Court a written report complying with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) for each such expert witness.

    A. On or before forty-five (45) days prior to the date of the evidentiary hearing, each defending party shall identify all persons it expects to call as expert witnesses in opposition to any claim and shall file with the Clerk of this Court a written report complying with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) for each such expert witness.

    B. On or before thirty (30) days before trial, each appropriate party shall identify all persons expected to be called as expert witnesses solely to contradict or rebut any witness identified pursuant to Paragraph 2(B) and shall file with the Clerk of this Court a written report complying with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) for each such expert witness.

3. Discovery shall close sixty (60) days prior to the date of the evidentiary hearing.

4. Thirty (30) days prior to the date of the evidentiary hearing, Defendants shall submit all admissible documentary evidence on which they intend to rely, as well as affidavits summarizing all key testimony.

5. Thirty (30) days prior to the date of the evidentiary hearing, the Plaintiff shall submit all admissible evidence on which he intends to rely to support his claim that Defendants violated his rights by not allowing him to engage in group prayer in the prison recreation yard.

6. Twenty (20) days prior to the date of the evidentiary hearing, the parties shall submit proposed exhibit lists and copies of any exhibits they intend to introduce at the evidentiary hearing. Each exhibit must be paginated and marked by an exhibit number. The parties must lodge any objections to proposed exhibit lists no later than ten (10) days prior to the date of the evidentiary hearing.

7. Twenty (20) days prior to the date of the evidentiary hearing, the parties shall submit proposed witness lists. Should the witness lists exceed four (4) witnesses, the parties shall show good cause as to why more than four witnesses are needed. The statement of good cause shall summarize the expected testimony of all witnesses and shall emphasize relevance, admissibility, and the lack of cumulative evidence before the Court. The parties must lodge any objections to proposed witness lists no later than ten (10) days prior to the date of the evidentiary hearing.

8. Eleven (11) days prior to the date of the evidentiary hearing, the parties shall submit proposed findings of fact and conclusions of law. The proposed findings of fact and conclusions of law must reference the document or witness whose testimony will support each enumerated fact.

9. Conduct of the hearing:

   A. Opening statements shall not exceed ten (10) minutes without securing prior approval from the Court.

   B. In general, direct examination of witnesses shall be limited to ten (10) minutes; cross-examination shall be limited to ten (10) minutes; and redirect will be permitted as necessary.

   C. Closing arguments shall not exceed a total of fifteen (15) minutes without securing prior approval from the Court. Plaintiff may reserve up to five (5) minutes of his total allotted time for rebuttal argument.

10. Within twenty-five (25) days of the conclusion of the evidentiary hearing, the parties shall submit revised proposed findings of fact and conclusions of law. The revised proposed findings of fact and conclusions of law must reference the appropriate pages of the transcript from the evidentiary hearing or other evidence introduced at the evidentiary hearing that supports each proposed finding of fact.

Let the Clerk send a copy of the Memorandum Order to Plaintiff and counsel for Defendants.

And it is so ORDERED.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 5-28-10