IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**CHRYSTOPHER LEE,**

    Plaintiff,

v.                                            Civil Action No. **3:08cv99**

**PATRICK GURNEY,** *et al.,*

    Defendants.

## MEMORANDUM ORDER

Plaintiff, a Muslim inmate proceeding *pro se*, filed this action alleging that Defendants Gurney, Vaughan, and Washington violated his rights by not allowing him to engage in group prayer in the prison recreation yard at the Nottoway Correctional Center ("NCC").[1] Specifically, Plaintiff contends:

| | |
|---|---|
| Claim One | Defendants violated Plaintiff's rights under the Equal Protection Clause[2] by promulgating and enforcing a ban on group prayer in the recreation yard which "singles out religious practices observed only [by] Sunni adherents." (Compl. ¶ 35.)[3] |
| Claim Two | Defendants Vaughan and Washington violated Plaintiff's rights under the First Amendment when they prohibited him from engaging in any group prayer on the prison recreation yard.[4] |

---

[1] Patrick Gurney is the Assistant Warden of NCC. G.K. Washington is the Regional Director for the Central Region of the Virginia Department of Corrections ("VDOC"). Douglas M. Vaughan is the former Warden of NCC.

[2] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[3] The Court's citations to Plaintiff's complaint reference the numbered paragraphs in the "STATEMENT of THE CLAIM/ESTABLISHMENT OF THE CLAIM" sections of Plaintiff's complaint.

[4] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. . . ." U.S. Const. amend. I.

Claim Three   Defendants violated Plaintiff's rights under the Due Process Clause[5] when they forced him to pray in a manner contrary to his religious beliefs.

Claim Four    Defendants violated Plaintiff's rights under the Religious Land Use and Institutionalized Person's Act[6] by promulgating and enforcing a ban on group prayer on the recreation yard.

Plaintiff demands injunctive relief and monetary damages.

## I. Pertinent Procedural History

Defendants Gurney and Washington previously moved for summary judgment with respect to Claims One, Two, and Four.[7] By Memorandum Opinion and Order entered on September 25, 2009, the Court granted the motion for summary judgment with respect to Claims One and Two, but denied the motion with respect to Claim Four. Subsequent to the entry of the September 25, 2009 Memorandum Opinion and Order, Defendant Vaughan was served with process. By Order entered on February 10, 2010, the matter was referred to the undersigned to conduct an evidentiary hearing, if necessary. On March 8, 2010, Plaintiff filed a motion to compel discovery. On April 19, 2010, Defendants moved for summary judgment with respect to all of Plaintiff's claims.

On May 10, 2010, the Court received an affidavit from Jason A. Morant, an inmate at NCC. Morant represents that he is the "author of all filings submitted by Chrystopher lee upto [sic] 4/27/10 in the above styled case. . . . On 4/27/10, Chrystopher Lee was transferred to a

---

[5] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

[6] 42 U.S.C. § 2000cc-1(a)(1)-(2).

[7] Defendants Gurney and Washington did not address Claim Three in their prior motion for summary judgment.

more secure facility from the NCC." (Aff. in Supp. of Pl.'s Resp. in Opp'n to Summ. J. Mot., Morant Aff. ¶¶ 1, 2.) Morant requests that the Court either appoint counsel to assist Plaintiff, or arrange a method for Morant to continue to assist Plaintiff in these matters.

On May 13, 2010, Plaintiff mailed to the Court a motion for an extension of time and a motion to compel prison officials to provide him with his legal work, which had been confiscated during his transfer. On May 26, 2010, Defendants filed a response to the motion to compel wherein they assert that as of May 14, 2010, Plaintiff was provided with all of his legal materials.

## II. Directions With Respect To Outstanding Matters

Upon review of the parties' submissions, it is ORDERED that:

1. "Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The Court refuses to take any action upon Morant's May 10, 2010 submissions, because Morant is not a party to the action and he is not entitled to represent Plaintiff before this Court. *See Sewraz v. Guice*, No. 3:08cv00035, 2008 WL 3926443, at *2 n.1 (E.D. Va. Aug. 26, 2008) (*citing* Rules of Supreme Court of Virginia, Pt. 6, § I; *see DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341-42 (W.D.N.Y.2004); *Kone v. Wilson*, 630 S.E.2d 744, 745-46 (Va. 2006)).

2. "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (*citing Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986)). Accordingly, within eleven (11) days of the date of entry hereof, Plaintiff is DIRECTED to show cause why his claims for injunctive relief should

not be dismissed as moot. Within twenty (20) days of the date of entry hereof, Defendants are DIRECTED to submit a brief on their position as to whether Plaintiff's transfer renders his claims for injunctive relief moot;

3. Although Plaintiff's transfer renders his claim for injunctive relief moot, it is questionable whether Plaintiff can seek monetary damages against Defendants under RLUIPA. *See id.* at 187-88. Accordingly, within twenty (20) days of the date of entry hereof, Defendants are DIRECTED to submit a brief on their position as to whether Plaintiff is entitled to damages under RLUIPA. Plaintiff is DIRECTED to file a brief addressing his position on this issue within thirty-five (35) days of the date of entry hereof;

4. Under Local Rule 56(B):

> Each brief in support of a motion for summary judgment shall include a specifically captioned section listing all material facts as to which the moving party contends there is no genuine issue and citing the parts of the record relied on to support the listed facts as alleged to be undisputed. A brief in response to such a motion shall include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute. In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

E.D. Va. Loc. Civ. R. 56(B). Defendants' brief in support of their motion for summary judgment does not comply with the above requirement. Although the brief contains a separate section of undisputed facts, Defendants fail to cite "the parts of the record relied on to support the listed facts as alleged to be undisputed." *Id.*

Additionally, in their present motion for summary judgment, Defendants seek to adopt by reference portions of the prior motion for summary. Permitting such a practice here would lend

to a hopelessly muddled record, making resolution of the motion for summary judgment unnecessarily difficult for both Plaintiff and the Court.[8] Plaintiff and the Court are entitled to a memorandum for summary judgment that contains all of Defendants' arguments for summary judgment and specifies the particular evidence relied upon to support any particular fact. Furthermore, given the fact that is unclear whether Plaintiff possesses the prior filings in this case, Defendants must attach a copy of the specific evidence on which they rely to the memorandum for summary judgment. Similarly, any response to the motion for summary judgment must comply with Local Rule 56(B) and specify the particular evidence before the Court that supports the Plaintiff's position. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) ("'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" (*quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992))). Accordingly, within twenty (20) days of the date of entry hereof, Defendants are DIRECTED to submit a revised brief in support of their motion for summary judgment that complies with Rule 56(B) and the above directions. Any response to the motion for summary judgment by Plaintiff must be filed within forty (40) days of the date of entry hereof and comply with Local Rule 56(B) and the directions above. The Court's review of the motion for summary judgment will be confined to the forthcoming submissions from the parties and evidence specifically identified therein;

5. Plaintiff has requested that the Court appoint counsel to assist him in litigating the present action. At this juncture, the issues presented are not unduly complex and the submissions

---

[8] In his motion to compel (Docket No. 80), Plaintiff suggests the he does not currently possess a copy of the prior motion for summary judgment filed by Defendants Washington and Gurney.

do not reflect that Plaintiff is not competent to represent himself in the present action. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Accordingly, Plaintiff's motion for the appointment of counsel (Docket No. 72) is DENIED WITHOUT PREJUDICE. Plaintiff may renew the motion, after the Court resolves the motion for summary judgment;

6. Plaintiff has filed a motion to compel Defendant Vaughan to provide fuller responses to Plaintiff's Interrogatories and Request for Production of Documents. A motion to compel discovery, "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Plaintiff's motion does not contain such a certification. Accordingly, the motion to compel (Docket No. 66) is DENIED WITHOUT PREJUDICE. The parties are reminded that "[t]he presentation to the Court of unnecessary discovery motions, the presentation to another party or non-party of unnecessary discovery requests of any kind, as well as any unwarranted opposition to proper discovery proceedings, will subject such party to appropriate remedies and sanctions, including the imposition of costs and counsel fees." E.D. Va. Loc. Civ. R. 37(G).

7. In his motion to compel (Docket No. 80) and motion for an extension of time (Docket No. 79), Plaintiff complains that during the course of his transfer to Sussex I State Prison, prison officials confiscated his legal papers and as of May 13, 2010, they have yet to return such papers to him. Plaintiff requests an extension of time to respond to the motion for summary judgment and an order from the Court directing prison officials to provide him with his legal papers. Plaintiff also asks the Court to hold Defendants in contempt for these actions. In response, Defendants have tendered an affidavit from Officer Bellamy, the Personal Property

Officer at Sussex I State Prison. Officer Bellamy swears that, as of May 14, 2010, prison staff had returned to Plaintiff the five boxes of Plaintiff's personal property that had been shipped from NCC to Sussex I State Prison. Given the above circumstances and the Court's directions with respect to the motion for summary judgment, Plaintiff's motions to compel and motion for an extension of time (Docket Nos. 80, 79) are DENIED WITHOUT PREJUDICE. Plaintiff may refile these motions if necessary. Any such motion, must identify with particularity why any missing legal materials are necessary to respond to the motion for summary judgment.

The Clerk is DIRECTED to send a copy of the Memorandum Order to Plaintiff and counsel for Defendants.

And it is so ORDERED.

/s/
M. Hannah Lauck
United States Magistrate Judge

Date: 6-1-10
Richmond, Virginia