In The United States District Court
For The Eastern District Of Virginia
Richmond Division

FILED
JUL -6 2010
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

Chrystopher Lee,
Plaintiff,

Vs.

Patrick Gurney, Et als
Defendants.

Civil Action No:
3:08-cv-99

## Brief in Support of Monetary Damages awarded Under RLUIPA

Comes now the plaintiff, in compliance with this courts 6/1/10 order, contending that the award of monetary damages in the instant matter is warranted and permissible under the RLUIPA.

In order to properly fleash out this point the plaintiff must first distinguish its direct relation to mootness and deterrence of systemic abuses/violations of the plaintiffs protected religious rights under the RLUIPA, which have already on one occasion against defendants Gurney and Washington been deemed to have been violated.

(1)

Simply stated, a case is only moot when the issues presented are no longer "Live" or the parties lack a legally cognizable interest in the outcome. Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct 1944, 23 L.Ed.2d 491 (1969); see also DeFunis v. Odegaard, 416 U.S. 312, 316, 94 S.Ct. 1704, 40 L.Ed 2d 164 (1974) (per curiam) (stating that federal courts are "without power to decide questions that cannot affect the rights of litigants in the case before them"). According to these distinguished Jurist reasonings, the matters before bar remain ripe and "Live", as Lee retains a legally cognizable interest in the preservation of his protected prayer rights under the RLUIPA.

Throughout the pendency of the instant matter the defendants and their affiants have sworn before this court that "group salat has not occured on the rec. yards at NCC, and that it is not permitted on any rec. yards at any institution under VDOC control", See Affidavits of Defendants. This sustained assertion by the defendants means that the plaintiff presently and into the foreseeable future, faces the same impediment to participating in group salat on the rec. yards of whatever VDOC institution that he may be transferred to, as he did at NCC; and "at an irreducible minimum, Art. III requires the party who invokes the court's authority to show that he has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." Gladstone Realtors v. Village

(2)

OF Bellwood, 441 U.S. 91, 99 (1979). See also (Farmer v. Brennan, 114 S.Ct. 1970, 1983 (1994)) ("[O]ne does not have to await the consumation of threatened injury to obtain preventative relief). Furthermore, these defense assertions remain in conflict, as the plaintiff and his affiants contend that they have over the span of at least 9 years, either observed (affiant Morant) or participated (affiants Lee and Ridgeley) in group salat at NCC and other VDOC prisons. Also, in the affidavit of Kevin Ridgeley, he swears under the penalty of perjury that he has participated in group salat at Sussex 1 prison, where the plaintiff is now being housed. And due to the defendants assertions, the plaintiff faces the same eminent threat of punishment for engaging in group salat on the rec. yard at Sussex 1 as he did at NCC — most likely moreso, due to the current instability of the instant matter. Accordingly, in the matter at bar, at the very least the plaintiff is entitled to declaratory relief which addresses the years of ongoing injury he suffered through at NCC at the hands of these defendants. Such relief would not be advisory, but would be binding as it would protect the plaintiff and his religious prayer rights as the RLUIPA intended, while also leaving clear cut footprints of what this court's expectations are regarding the least restrictive means threshold examination & for protected religious prayer, for the VDOC and state actors in their individual capacity are. Because, when it comes to religious interest, when one's religion adherence to a "Sunni" diet... or way of living, prison officials refusal to accomodate this imposes a substantial burden. See e.g., Al-Amin v. Shear, No. 08-7681, 2009 U.S. App. Lexis 7620, 2009 WL 971454, at #2-3 (4th Cir April 10, 2009) (unpublished).

Conversely, should this case be rendered moot by this court, thus denying declatory and Injunctive remedies to the plaintiff — then compensory and punative damages becomes the only meaningful deterence, capable of dissuading the defendants from continuing their current practices without factoring in any least restrictive means test. Section 2200 cc-2 of RLUIPA, entitled "Judicial Relief" provides that a person may assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. § 2060 cc-2(a)(2006) as noted above the term "government" is defined to include "Any... person acting under color of state Law." § 2000 cc-5(4)(A)(iii). And while the RLUIPA does not explicitly provide plaintiffs with a right to claim monetary damages against defendants in their individual capacity, it likewise does not bar such relief; 42 U.S.C. § 2000 cc-2; and implys that federal judges are open to use whatever form of relief they deem fit to correct any Religious Freedom abuses they encounter, with an eye toward preventing continuing or repeat abuses.

This being the case, the plaintiffs contends that the closest case should this court decide to moot issues subject to injunctive and declaratory relief, is Van Wyke v. Reisch, 581 F.3d 639, 647 (D.S.D. 2008). In this case the district court concluded that Van Wyke was not entitled to injunctive or declaratory relief regarding the original version of the policy, but permitted the official-capacity RLUIPA claim of monetary damages to proceed against the officials involved. This view however was not shared in the two Fourth Circuit cases of 2006, Madison v. VA, 474 F.3d 118 (4th cir. 2006); and Lovelace v. Lee, 472 F.3d 174 (4th cir. 2006). These cases found that the state actors

(4)

could not be suited in their official capacity for monetary damages, however both these cases declined to decide whether government officials could be suited for monetary damages in their individual capacity. This dichotomy is exactly why the plaintiff suited these plaintiffs in both their individual and official capacities.

The plaintiff has suffered actual and substantial damages at the hands and pens of these defendants, and while declatory and injunctive relief can prevent these violations of his protected religious prayer rights — only monetary damage awards can compensate the plaintiff for the damages he has already suffered. Elrod v. Burns, 427 U.S. 347, 373-374 (1976); establishes that violations of constitutional rights constitutes irreparable harm as a matter of law, so any judicialy established impingement of the plaintiffs statutory or constitutional rights is tantamount to serious injury. Especially, given that this court has already found with regards to defendants Gurney and Washington that by failing to impliment the least restrictive means to insure institutional security, in violation of the RLUIPA — They thus violated the plaintiffs statutory rights. Perhaps more germane to the issue at bar is the fact that the plaintiffs manifest injury is directly traceable to the governmental action he has challenged.

(5)

Finally, in addressing this court's reliance on <u>Rendelman v. Rouse</u>, 529 F.3d 182 (4th cir. 2009); to spark the joint question of mootness and award of monetary damages; the plaintiff states: According to the <u>Rendelman</u> case, <u>Rendelman</u> was transferred out of the MDOC all together, which thereby caused his claim for injunctive relief to be moot. This is not the case in the case at bar, as the plaintiff remains in the sole custody of the VDOC, and if this court accepts the sworn affidavits of the defendants and John Jabe, then the plaintiff faces the same prohibitions and impediments to participating in group salat on the rec. yards at every VDOC prison as he faced at NCC — which, is the very definition of judicial ripeness. Also the claim before this court also includes monetary damages being sought by the plaintiff, and according to the <u>Rendelman</u> court, if the court can conclude that the plaintiff is at least entitled to nominal damages the claims for relief are not moot. <u>Rendelman v. Rouse</u>, 569 F.3d 182, 187 (4th cir. 2009). The decision to award and amount of nominal damages are up to the jury. <u>Ganey v. Edwards</u>, 759 F.2d 337 (4th cir. 1985).

For these reasons the plaintiff contends that his claims regarding injunctive and declaratory relief not be mooted and that he be allowed to seek monetary damages against these defendants in whatever capacity the court deems appropriate before a jury.

Respectfully Submitted

*Chrystopher Lee* #1011188

Chrystopher Lee

JAM/jam

(6)

## Notary

Subscribed and sworn before me in my jurisdiction this __30__ day of June, 2010.

_____
Notary Public

BARBRA C. SPRING
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7304496
My Commission Expires 2/28/2013

My commission expires __2/28/2013__.

I Chrystopher Lee certify that the above Notary is not a party to this action.

_____ #1011188
Chrystopher Lee

## Certificate of Service

I Chrystopher Lee, plaintiff hereby certify that on this __30__ day of June, 2010, I did mail via first class mail, mail a true and complete copy of the foregoing to the Attorney General of Virginia, Attorney for the defendants at 900 East Main Street Richmond, VA 23219.

_____ #1011188
Chrystopher Lee