IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

CHRYSTOPHER LEE,

    Plaintiff,

v.                                                                Civil Action No. **3:08cv99**

PATRICK GURNEY, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Muslim inmate initially proceeding *pro se*, filed this action alleging that Defendants Gurney, Vaughan, and Washington (collectively "Defendants") violated his rights by not allowing him to engage in group prayer in the prison recreation yard at Nottoway Correctional Center ("NCC").[1] On April 27, 2010, Plaintiff was transferred from NCC to Sussex I State Prison ("Sussex I"). By Memorandum Opinion and Order entered on December 9, 2010, the Court granted Defendants' Motion for Summary Judgment and dismissed all of Plaintiff's claims. The Court further informed Plaintiff that if wished to pursue a complaint related to a violation of his rights under RLUIPA at Sussex I, he must file an appropriate amended complaint within thirty (30) days of the date of entry thereof. The Court informed the parties that upon the filing of the amended complaint, the Court would determine whether the matter will proceed as an entirely new action.

On January 7, 2011, Plaintiff, by counsel, filed the Amended Complaint raising claims related to his conditions at Sussex I. Although the Amended Complaint also raises claims that

---

[1] The parties have used various spellings for Defendant Vaughan's last name. According to Vaughan's affidavit, his name is spelled as reflected above. (Defs.' Revised Br. in Supp. of Mot. for Summ. J. ("Defs.' Br.") Ex. II ("Vaughan Aff.").)

prison officials continue to burden Plaintiff's religious liberties, the claims are largely distinct from the claims raised in the original complaint. For example, none of the defendants named in the original complaint are named in the Amended Complaint. Additionally, Plaintiff does not assert that the restrictions on his religion at Sussex I are the product of the same policies of which he complained in the original complaint. Rather, Plaintiff contends that his religious exercise is burdened by "[t]he failure and refusal of the defendants to promulgate a system wide policy on Muslim Religious Observance." (Am. Comp. ¶ 51.) Given these considerations, the Court will FILE the Amended Complaint as a new action.[2] *See Scott v. Kelly*, 107 F. Supp. 2d 706, 708 (E.D. Va. 2000) (concluding new allegations in amended complaint "against different defendants at a different prison" should proceed as a new action); *see also Horton v. Flemings*, No. 89 C 4289, 1989 WL 153399, at *1 (N.D. Ill. Nov. 15, 1989). The Court WILL WAIVE the filing fee for the action. The present action will be DISMISSED.

An appropriate Order shall issue.

Dated: 2-28-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge

---

[2] The parties have not expressed any position as to whether the Amended Complaint should proceed as a new action.